David STERN, et al., Plaintiffs,

v.

SOMMERVILLE COMMUNICATIONS CORP., et al., Defendants.

Civ. No. 80–30109.

United States District Court,
E. D. Michigan, S. D.

April 23, 1981.

Janet M. Tooley, Detroit, Mich., for plaintiff.

James N. Martin, Mount Clemens, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

### JAMES HARVEY, District Judge.

This is an action brought by a minor and his parents alleging that certain disciplinary actions taken against the minor plaintiff, by officials of the school system in which he was enrolled, violated his civil rights. Presently pending herein are motions to dismiss and for summary judgment, filed by defendant Sommerville Communications Corporation.

Upon review of the complaint and the briefs filed by the plaintiffs the Court is able to discern two possible bases for a federal cause of action arising out of the alleged facts: 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). The Court must conclude however that the plaintiff has failed to state a claim under either of these statutes.

To state a claim under 42 U.S.C. § 1983 there must be an allegation that the defendant acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Private parties such as defendant Sommerville Communications Corp. may only be liable under 42 U.S.C. § 1983 where they are willful participants in joint activity with the State or its agents. *Id.*, at 152, 90 S.Ct. at 1605. Here plaintiffs allege that defendant Sommerville conspired with the governmental defendants to cause the deprivation of plaintiff's civil rights. But in order to withstand a motion to dismiss, conclusory allegations of conspiracy under 42 U.S.C. § 1983 will not suffice; the plaintiff must allege material facts showing the existence and scope of the conspiracy. *Slotnick v. Staviskey*, 560 F.2d 31, 33 (CA 1, 1977), *cert. denied*, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978); *Safeguard Mutual Insurance Co. v. Miller*, 477 F.Supp. 299, 304 (E.D.Pa.1979). Further the conspiracy must relate to the deprivation of federally protected rights, since defamation and related common-law causes of action do not, standing alone, give rise to a claim under 42 U.S.C. § 1983. *Paul v. Davis*, 424

U.S. 693, 710, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). The plaintiff's first amended complaint does not satisfy these standards.

■ With respect to plaintiffs' claim against defendant Sommerville under 42 U.S.C. § 1985(3) there is a further crucial deficiency. Plaintiffs do not allege membership in any class victimized by the defendants' alleged conduct, and a class-based animus is an essential element of an action brought under this statute. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Taylor v. Brighton*, 616 F.2d 256, 266–267 (CA 6, 1980).

■ Pendent jurisdiction over plaintiffs' state law claims against defendant Sommerville will not be exercised in the absence of any federal claim against this defendant. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Therefore, it is ORDERED that plaintiffs shall have 15 days from the date of this order to move to file an amended complaint curing the deficiencies herein noted. Failure to do so shall result in a dismissal of plaintiffs' claims against defendant Sommerville under F.R.Civ.P. 12(b)(6). At this time, defendant Sommerville's motion for summary judgment will be DENIED without prejudice.

IT IS SO ORDERED.